Jasen, J. (dissenting).
It is true, as the majority puts it, that there is no predicate for a holding that the County Court abused its discretion as a matter of law. The reason is that there is no predicate at all for the action taken in this case. The court never set forth its reasons as required by statute, for its dismissal of the indictment in the interest of justice. Since the reasons why justice required dismissal were never stated, it is impossible as a matter of law to review the grounds for dismissal.
An indictment may be dismissed in the interest of justice where "such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment or count would constitute or result in injustice.” (CPL 210.40, subd 1.) However, a court, in dismissing an indictment on this ground, "must set forth its reasons therefor upon the record.” (CPL 210.40, subd 2.) The statute is an old one and the writing requirement was designed as a "wholesome restraint” on an otherwise untrammeled discretion. (Code of Criminal Procedure, Reported Complete by the Commissioners on Practice and Pleading, Assembly Doc No. 18 [1850], p 341.)
In this case, the County Court issued an opinion which discussed the legal issue involved: namely, whether the actions of the defendant were protected by the relationship of attorney and client. The court stated that it was necessary to balance "the importance of the general privilege of confidentiality in the performance of the defendant’s duties as an *64 attorney, against the inroads of such a privilege on the fair administration of criminal justice as well as the heart tearing that went on in the victim’s family by reason of their uncertainty as to the whereabouts of Alicia Hauck.” (83 Misc 2d 186, 190.) The court concluded that the client-attorney privilege outweighed the interest in "the trivia of a pseudo-criminal statute” (p 191). The court took note of the fact that the Grand Jury chose to indict the defendant and did not indict his cocounsel. From this, it was stated that the Grand Jury appeared to be "grasping at straws” (p 191). The court stated its conclusion in two sentences: "It is the decision of this court that Francis R Beige conducted himself as an officer of the court with all the zeal at his command to protect the constitutional rights of his client. Both on the grounds of a privileged communication and in the interests of justice the indictment is dismissed” (p 191).
Aside from the conclusory statement that the indictment should be dismissed in the interest of justice, the court never discussed "justice” principles. In my view, a discussion of "law” principles cannot camouflage an unreasoned interest of justice of dismissal. To overlook the absence of specific reasons, as the majority does, is to remove a "wholesome restraint” and to encourage instead broad and potentially abusive employment of what should be narrowly confined, rarely exercised judicial remedy.
Moreover, the criticism of the present statute is not appropriate. The statute is over 120 years old and has appeared in three separate versions, having been enacted by at least three separate Legislatures. Although some Judges may not approve of it, it is the judicial function to apply the statute as it was meant to be applied and not to put on blinders in the hope that someday the Legislature will repeal it. Moreover, the Legislature specifically left the justice standards open-ended, recognizing the futility of developing all-encompassing rules to cover all situations of injustice. However, it is justice that requires dismissal and here we have been given no reasons why justice demands the dismissal of this indictment.
I would reverse the order of the Appellate Division and remit the case to County Court for further consideration, particularly for the full statement of reasons required by statute.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler and Cooke concur in Per Curiam opinion; Judge Fuchs- *65 berg concurs in result in a separate opinion; Judge Jasen dissents and votes to reverse in another opinion.
Order affirmed.